**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| Lowanda Gleason, | : |
|  | : |
|  | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
|  | : |
| Financial Credit Services, Inc., | : |
|  | : |
|  | : |
| Defendant. | : |
|  | : |

## COMPLAINT

For this Complaint, the Plaintiff, Lowanda Gleason, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by

the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant

transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.     Plaintiff, Lowanda Gleason (hereinafter "Plaintiff"), is an adult individual residing at 379

Chambers Place, Prince Frederick, MD  20678, and is a "consumer" as the term is defined by 15 U.S.C.

§ 1692a(3).

4.      Defendant Financial Credit Service Inc. (hereinafter "Defendant"), is a corporation with an address of 4801 Emerson Ave # 112, Palatine, IL 60067, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation in 1989 that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff in 2008, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Plaintiff received calls at her home where she cares for her special needs child while her husband serves in Iraq.

10.      The Defendant contacted the Plaintiff's father and children and disclosed the nature of the debt.

11.      The Defendant accused the Plaintiff of bouncing checks.

12.      The Defendant threatened the Plaintiff that it would contact legal authorities and inform them that she had bounced checks.

13.      The Defendant implied that it had access to the Plaintiff's credit and could ruin her credit.

2

14.     The Defendant did not identify which company it was calling from when contacting the Plaintiff.

15.     The Plaintiff requested the debt be verified several times but no verification, by mail or otherwise, was ever received by the Plaintiff.

16.     The Plaintiff gave the Defendant account information which it used to deduct $50.00 per month until she closed the account.

17.     The Defendant told the Plaintiff that it filed a claim against the Plaintiff and told her to contact its legal division at a given telephone number, 888-310-1550.

18.     The phone number, 888-310-1550, belongs to Asset Recovery Associates.

19.     Asset Recovery Associates is the assumed name of Financial Credit Services, the Defendant, according to the Secretary of State of the state of Illinois.

20.     Asset Recovery Associates holds itself out as a debt collection agency.

21.     Asset Recovery Associates maintains its own website, separate and apart from Financial Credit Services's website.

22.     The Maryland Department of Assessments and Taxation has no licensing information, incorporation information or designated instate agent for Financial Credit Services.

23.     The Maryland Department of Assessments and Taxation has no licensing information, incorporation information or designated instate agent for Asset Recovery Associates.

24.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

27.     The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

28.     The Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

29.     The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

30.     The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

31.     The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

32.     The Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

33.     The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

34.     The Defendant misled the Plaintiff into believing the communication was from a law firm or an attorney, in violation of 15 U.S.C. § 1692e(3).

35.     The Defendant threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

36.     The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

37.     The Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff, in violation of 15 U.S.C. § 1692e(7).

38.     The Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

39.     The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

40.     The Defendant used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

41.     The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

42.     The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

43.     The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

44.     The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

45.     The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

46.     The Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

47.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

48.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, *et seq.*

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

51.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

6

52.     The Defendant threatened criminal prosecution against the Plaintiff, in violation of MD. Code Comm. Law § 14-202(2).

53.     The Defendant disclosed or threatened to disclose information affecting the Plaintiff's reputation for creditworthiness, in violation of MD. Code Comm. Law § 14-202(3).

54.     The Defendant disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendant was contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

55.     The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

56.     The Defendant used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

57.     The Defendant attempted to claim and enforce a right which the Defendant did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

58.     The Defendant simulated legal process and sent papers to the Plaintiff which gave the appearance of being authorized or approved by a government agent or attorney, in violation of MD. Code Comm. Law § 14-202(9).

59.     The Plaintiff suffered emotional distress and mental anguish as a result of the Defendant's repeated contact.

60.     The Plaintiff is entitled to damages proximately caused by the Defendant's violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

61.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

63.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Maryland state law.

64.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

65.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

66.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

67.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV

**VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES
MD. ANN. CODE BUS. REG. § 7-101 *et seq.***

68.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.     The Defendant is a "collection agency" as defined by MD.Ann.Code. Bus. Reg. § 7-101(c).

70.     As a collection agency doing business within the state of Maryland, the Defendant is required to obtain a license under MD.Ann.Code. Bus. Reg. § 7-301(a) and to execute a surety bond under MD.Ann.Code. Bus. Reg. § 7-304(a).

71.     The Defendant is not in good standing has no license status as indicated by the Maryland Department of Assessments and Taxation.

72.     Under MD.Ann.Code. Bus. Reg. § 7-401(a), a person may not willfully or knowingly do business as a collection agency unless properly licensed.

73.     The Defendant is subject to the penalties imposed under MD.Ann.Code. Bus. Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the state of Maryland and the Plaintiff is, therefore, entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant for each violation;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against Defendant;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD.Ann.Code. Bus. Reg. § 7-401(b);

6.  Actual damages from Defendant for all damages including emotional distress

    suffered as a result of the intentional, reckless, and/or negligent FDCPA violations

    and intentional, reckless, and/or negligent invasions of privacy in an amount to be

    determined at trial for Plaintiff;

7.  Punitive damage; and

8.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 5, 2009

Respectfully submitted,

By_____

Forrest E. Mays MD Bar No. 07510
2341 N Forrest Drive, Suite 90
Annapolis, MD  21403
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com
MD Bar No. 07510


Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666